# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOMICO, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-342-SPS |
| | ) |
| **TRAXYS NORTH AMERICA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTIONS RE: VENUE

The Plaintiff Jomico, LLC brought this diversity suit against the Defendant Traxys North America, LLC upon its refusal to purchase coal under a written agreement between the parties. Jomico alleges that venue is proper in this district because it mined the coal and delivered it to Traxys at Keota, Oklahoma. *See* 28 U.S.C. § 1391(a)(2) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]"). Traxys seeks dismissal of this action or, in the alternative, a transfer to the United States District Court for the Southern District of New York (where a related action is pending) because: (i) the written purchase agreement contains a forum selection clause mandating suit in New York; (ii) Jomico's claim is a compulsory counterclaim in the action in the Southern District of New York; and, (iii) to pursue simultaneous proceedings in this Court and in the Southern District of New York would be wasteful. *See* 28 U.S.C. 1404(a) ("For the convenience of parties

and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). As set forth below, the Court finds that the Defendant Traxys North America, LLC's Rule 12(b)(3) Motion to Dismiss, or, Alternatively, 28 U.S.C. §§ 1404(a) and 1406(a) Motion to Transfer the Action [Docket Nos. 28, 31], and the Defendant Traxys North America, LLC's Rule 13(a) Motion to Dismiss [Docket No. 29] should be DENIED.

Traxys first contracted to purchase 60,000 tons of coal from Jomico at $98 per ton on January 14, 2008. This "7034" contract required Jomico to deliver the coal to the Port of Keota by December 31, 2008. Traxys sent a confirmation letter detailing these terms (agreed to during oral negotiations) to Jomico by e-mail, and sent a separate document (via another e-mail) containing other terms, *inter alia*, a choice of law clause (but not a mandatory forum selection clause), under the heading "General Terms and Conditions for the Purchase and Sale of Coal." Later negotiations culminated in two additional contracts on June 5, 2008. The "7360" contract covered 14,100 tons at $165 per ton, while the "7361" contract covered 9,300 tons at $157 per ton, all deliverable by August 31, 2008. Traxys sent confirmation letters for these contracts by separate e-mails, and also sent an Annex "A" styled "General Terms and Conditions to Confirmation of Coal Agreement," although it is not clear whether the annex accompanied the 7360 confirmation letter or was sent in its own e-mail. The annex contained a provision calling for any suit to be filed in the United States District Court for the Southern District of New York or in the Supreme Court of the State of New York. Traxys contends that this "mandatory forum

selection clause" is part of the 7361 contract between the parties, and that venue is improper in this district notwithstanding 28 U.S.C. § 1391(a)(2).

Jomico initially sued Traxys in the Western District of Arkansas on all three of the contracts. Traxys then sued Jomico in the Southern District of New York, but only on the 7034 and 7360 contracts. The Arkansas case was dismissed for improper venue, but not because of the forum selection clause; the court found instead that a substantial part of the underlying events did not occur in Arkansas. Jomico then brought suit here on the 7361 contract only. Traxys does not dispute that "a substantial part of the events or omissions giving rise to the claim occurred" in this district, 28 U.S.C. § 1391(a)(2), as the coal was both mined and delivered in and around Keota, Oklahoma, but does contend that venue is nevertheless improper because the mandatory forum selection clause contained in the annex is part of the 7361 contract between the parties. Traxys therefore seeks dismissal or a transfer of the case to the Southern District of New York.

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)." *Riley v. Kingsley Underwriting Agencies,* 969 F.2d 953, 956 (10th Cir. 1992).[1] The plaintiff must make a

---

[1] The issue of a mandatory forum selection clause may also be analyzed as a motion to transfer pursuant to 28 U.S.C. § 1404(a). *See Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 32 (1988) ("We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer this case to a court in Manhattan."). But as discussed below, Traxys has failed to convince the Court that the forum selection clause *undoubtedly was* part of the 7361 agreement between the parties. *See, e. g., Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967) ("The burden of establishing that the suit should be transferred [pursuant to Section 1404(a)] is upon the movant and unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed."). The outcome is thus the same whether the issue is analyzed as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or as a motion to transfer pursuant to 28 U.S.C. § 1404(a).

*prima facie* showing of proper venue, and in this regard the allegations of the complaint are taken as true unless controverted by evidence. *See Pierce v. Shorty Small's of Branson,* 137 F.3d 1190, 1192 (10th Cir. 1998) ("Plaintiff failed to present any evidence in response to defendant's affidavit. Plaintiff contends that in responding to a motion to dismiss for improper venue, he was entitled to rely upon the well pled facts of his complaint. This is true, however, only to the extent that such facts are uncontroverted by defendant's affidavit."), *citing Home Insurance Co. v. Thomas Industries, Inc.,* 896 F.2d 1352, 1355 (11th Cir. 1990) ("When a complaint is dismissed on the basis of improper venue without an evidentiary hearing, 'the plaintiff must present only a *prima facie* showing of venue[.]'"), *quoting DeLong Equipment Co. v. Washington Mills Abrasive,* 840 F.2d 843, 845 (11th Cir. 1988). Further, if the plaintiff and defendant offer conflicting evidence, the facts are considered in the light most favorable to the plaintiff. *See Home Insurance,* 896 F.2d at 1192. ("When affidavits conflict, the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff.").

If there were no dispute here that the mandatory forum selection clause contained in the annex was part of the 7361 agreement between the parties, the Court would in all likelihood be required to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). *See, e. g., Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) ("[F]orum selection clauses are 'prima facie valid and should be enforced' unless shown to be unreasonable."), *quoting The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). But *there is* such a dispute in this case. Traxys presented

evidence (by way of affidavit) that the agreement between the parties contained a forum selection clause by incorporation of the annex into the 7361 confirmation letter, which controverted the allegations in the complaint that venue is proper pursuant to 28 U.S.C. § 1391(a)(2) and required Jomico to make a *prima facie* showing of proper venue with its own evidence. Jomico met this burden, *i. e.*, it presented evidence (by way of affidavit) that neither the annex nor the forum selection clause were discussed during negotiations, and that the annex did not accompany the 7361 confirmation letter. Jomico also provided evidence that supported the allegations of the complaint regarding where the underlying events occurred, *i. e.*, the affidavit states that the coal purchased under the 7361 contract was mined and delivered within this district. Thus, Jomico argues that venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because it never discussed (or even saw) the annex or the included forum selection clause in connection with the 7361 contract.

Traxys argues that the forum selection clause was part of the agreement between the parties notwithstanding any failure to discuss the annex during negotiations because: (i) the annex was sent to Jomico in connection with both the 7360 and 7361 confirmation letters; (ii) the cover page of the 7361 confirmation letter directed Jomico to object to any terms within three days; (ii) Jomico never objected to the annex or any of its provisions; and, (iv) Jomico demonstrated its acceptance of the annex (and with it the mandatory forum selection clause) by subsequently delivering coal under the 7361 contract. Traxys thus contends that the contract between the parties arose not by mutual agreement at the end of oral negotiations, but instead by Jomico's acceptance of Traxys' offer (expressed in the confirmation letter and the annex) by performance. The Court finds this argument

unpersuasive for several reasons. First, the 7361 confirmation letter does not indicate it is a proposal contingent upon acceptance of the annex; it purports to be confirmation of the terms previously agreed between the parties, else it would not be a "confirmation letter." Second, there was no reason Jomico should have known that Traxys intended the 7361 agreement to be dependent upon acceptance of the annex, which was neither discussed during negotiations nor specifically mentioned in the confirmation letter. Traxys argues that the language of the confirmation letter and the annex read together clearly indicates that the former incorporates the latter, but the Court finds the language ambiguous at best, *e. g.*, the "incorporation clause" is in the annex. *Cf. Pontchartrain State Bank v. Poulson,* 684 F.2d 704, 706 (10th Cir. 1982) ("[T]he doctrine of incorporation by reference is not applicable in this case because the [agreement] makes no reference to the list.") [applying Oklahoma law].[2]

Third, and perhaps most important, Traxys does not dispute that the confirmation letter memorialized terms reached during oral negotiations, and that the annex first came up when Jomico received it either by itself or with the 7360 confirmation letter. An enforceable contract on the terms discussed in connection with the 7361 purchase thus arose upon receipt of the confirmation letter, and the annex amounted to a proposal of

---

[2] The parties debate at length about the issue of incorporation in general and the language of the annex and the confirmation letter in particular. But the Court finds the critical question to be not whether the language is clear, but when the 7361 contract arose. *See, e. g., Rogers v. Dell Computer Corp.,* 2005 OK 51, ¶ 25, 138 P.3d 826, 832 ("There is no doubt that in the present case, the parties entered into contracts for the purchase of computers. The question then becomes when were the contracts formed and what terms were included in the contracts."). Any ambiguity or inartful drafting notwithstanding, the Court is satisfied that the annex (and therefore the mandatory forum selection clause) would have been part of the 7361 agreement *if* the parties had discussed it and reached agreement during oral negotiations, *if* Traxys had expressly conditioned the existence of any agreement upon acceptance of the annex when it mailed the confirmation letter, or *if* Jomico had *expressly* agreed to inclusion of the annex after receiving the confirmation letter. *See* 12A Okla. Stat. § 2-207.

additional terms by Traxys.  *Cf. Rogers v. Dell Computer Corp.*, 2005 OK 51, ¶ 28, 138 P.3d 826, 833 ("There is no statement in the 'Terms and Conditions of Sale' document upon which 'acceptance is expressly made conditional on assent to the additional terms.' The plaintiffs' accepting the computers and not returning them is consistent with a contract being formed at the time that the orders were placed and cannot be construed as acquiescing in the 'Terms and Conditions of Sale' document whether included with the invoice or acknowledgment or with the computer packaging."). *See also* 12A Okla. Stat. § 2-207 ("A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms . . . The additional terms are to be construed as proposals for addition to the contract."). Addition of a mandatory forum selection clause would materially alter the agreement between the parties under Oklahoma law, *see Lively v. IJAM, Inc.*, 2005 OK CIV APP 29, ¶ 20, 114 P.3d 487, 493 ("We agree with the reasoning of these courts and find that a forum selection clause materially altered the contract between Defendants and Lively. Therefore, we find that the forum selection clause was not part of the contract."), so the annex (or at least the forum selection clause) never became part of the 7361 agreement, either upon receipt by Jomico, *see* 12A Okla. Stat. § 2-207(2)(b) ("Between merchants such terms become part of the contract unless . . . they materially alter it[.]"), or at any time thereafter, as Jomico never *expressly* accepted it.  *See* 12A Okla. Stat. § 2-207, comment 3 ("Whether or not additional or different terms will become part of the

agreement depends upon the provisions of subsection (2). If they are such as materially to alter the original bargain, they will not be included unless expressly agreed to by the other party."). *See also Old Albany Estates, Ltd. v. Highland Carpet Mills, Inc.,* 1979 OK 144, ¶ 6, 604 P.2d 849, 852 ("Under the above section if new terms to the contract are submitted by one party that materially alter the contract, there is still a contract but without the new terms, unless expressly agreed to by the other party . . . We therefore hold the disclaimer is a new term materially altering the contract and thus not a part of the bargain.") [discussing comment 3].[3]

In summary, the Court is not convinced *on facts presented here* that the mandatory forum selection clause became part of the 7361 agreement between the parties, and venue is therefore not improper on that basis. Traxys also argues for dismissal (or transfer) of the case on the theory that the 7361 contract was part of the same transaction as the 7043 and 7360 contracts and that Jomicos' claim should be therefore asserted as a compulsory counterclaim in Traxys' action on those other contracts in the Southern District of New York. *See* Fed. R. Civ. P. 13(a)(1)(A) ("A pleading must state as a counterclaim any claim that-at the time of its service-the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"). But assuming *arguendo* that the three contracts are part of a single

---

[3] Nor would it appear to matter if Traxys argued that a contract was formed on the terms of the 7361 confirmation letter, and that the annex proposed additional terms accepted by Jomico by performance. *See, e. g., Brown Machine, Division of John Brown, Inc. v. Hercules, Inc.,* 770 S.W.2d 416, 421 (Mo. App 1989) ("Nothing in its response can be construed as express assent to Brown Machine's additional 'terms and conditions of sale.' Express assent under § 2-207(2) cannot be presumed by silence or mere failure to object."), *citing N & D Fashions, Inc. v. DHJ Industries, Inc.,* 548 F.2d 722, 726-27 (8th Cir. 1977).

transaction, *see, e. g., Pipeliners Local Union v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974) ("The courts have given the terms 'transaction' and 'occurrence' contained in Rule 13(a) . . . flexible and realistic constructions in order to effect 'judicial economy', *i. e.*, trial in one action of all related controversies between the parties and, of course, the avoidance of multiplicity of suits.") [citations omitted], and that Jomico's claim therefore *would be* a compulsory counterclaim notwithstanding the fact that it had already been asserted in the Western District of Arkansas and was still pending at the time the case was filed in the Southern District of New York, *see* Fed. R. Civ. P. 13(a)(2)(A) ("The pleader need not state the claim if . . . when the action was commenced, the claim was the subject of another pending action[.]"), Traxys cites no authority whatsoever for the proposition that otherwise proper venue becomes improper simply because the claim could have been asserted in another proceeding as a compulsory counterclaim, and the Court is unaware of any such authority. There undoubtedly *are* judicial economy and preclusion issues involved here, and the availability of a counterclaim in the Southern District of New York is a factor to consider in determining whether to transfer the case pursuant to 28 U.S.C. § 1404(a). But these considerations do not suggest that venue is necessarily improper here. In any event, it would seem premature to dismiss this case or transfer it to the Southern District of New York as a compulsory counterclaim until such time as that court disposes the venue-based motions raised by Jomico in that case; if venue proves to be improper there, *e. g.*, because the mandatory forum selection clause is also found to be extraneous to the 7360 contract, this Court clearly would be an appropriate forum not only for Jomico's claim on the 7361 contract but also for Traxys'

claims on the other contracts.  Further, unless the Southern District of New York is determined to be a proper venue, even a transfer pursuant to Section 1404(a) would be inappropriate.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action *to any other district or division where it might have been brought*.") [emphasis added].

Viewing facts in the light most favorable to Jomico, the Court finds that a *prima facie* showing of proper venue in this district has been made pursuant to 28 U.S.C. § 1391(a)(2), and that the case should therefore not be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3) or transferred to the Southern District of New York under 28 U.S.C. § 1406(a).  Traxys's motions should be denied to the extent they seek such relief.

Traxys also contends that the case should be transferred to the Southern District of New York for reasons of convenience pursuant to 28 U.S.C. § 1404(a).  More is required of Traxys in this regard than was the case with improper venue.  *See, e. g., Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967) ("The burden of establishing that the suit should be transferred is upon the movant and unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed.").  Factors to consider are: (i) plaintiff's choice of forum; (ii) accessibility of witnesses and other sources of proof, including availability of process to secure attendance; (iii) cost of making necessary proof; (iv) enforceability of judgment if one is obtained; (v) relative advantages and obstacles to a fair trial; (vi) any difficulties arising from congested dockets; (vii) existence of conflict of laws questions; (vii) any advantages in having a local court determine questions of law; and, (ix) other practical

considerations making trial easy, expeditious and economical. *See, e. g., Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991). A valid forum selection clause would be an important factor to consider, *see Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) ("The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the [Section 1404(a)] calculus."), but the Court has already found insufficient evidence to conclude that an enforceable forum selection clause is part of the 7361 contract between the parties. The Court will therefore focus primarily upon the *Chrysler Credit* factors.

Traxys argues that the majority of the witnesses and the documentary evidence are located at its offices in the Southern District of New York, that neither party is domiciled in this district, and that the costs of litigating in both districts would be excessive. Jomico argues that more witnesses are in this district and that the cost of litigating here compares favorably with the Southern District of New York (at least for Jomico, which is situated in St. Louis). The Court finds that Traxys simply has not shown that "the evidence and the circumstances of the case are strongly in favor of the transfer[,]" and that Jomico's "choice of forum [therefore] should not be disturbed." *Texas Gulf,* 371 F.2d at 147.

No doubt *there are* witnesses and documentary evidence in both districts; while this factor may favor a transfer, it would appear to do so only slightly. Further, while it is *probably* true it would be cheaper (and more expeditious) to litigate Jomico's claim here, it is *certainly* true that it would be cheaper overall to litigate the entire case in one forum. But as is discussed above, the Court is not convinced that the Southern District of New York will prove to be that forum, as it has yet to address Jomico's venue-based motions

in Traxys' action there.  The Court therefore finds it would better exercise its discretion under Section 1404(a) by denying a transfer to the Southern District of New York and instead entertaining the case herein as Jomico's chosen forum.  Traxys' motions should be denied to the extent they seek such relief.

For the reasons set forth above, the Defendant Traxys North America, LLC's Rule 12(b)(3) Motion to Dismiss, or, Alternatively, 28 U.S.C. §§ 1404(a) and 1406(a) Motion to Transfer the Action [Docket Nos. 28, 31], and the Defendant Traxys North America, LLC's Rule 13(a) Motion to Dismiss [Docket No. 29] are hereby in all things DENIED.  Traxys shall have fourteen days to file its answer herein.

IT IS SO ORDERED this 29th day of June, 2010.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**